**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JIMMY EGU** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-1802-JWD-EWD** |
| **STATE FARM INSURANCE COMPANY, ET AL.** | |

## NOTICE AND ORDER

This is a civil action involving claims for damages based upon the injuries allegedly

sustained by Jimmy Egu ("Plaintiff") as a result of a motor vehicle accident that allegedly occurred

on or about October 15, 2016.[1]  On or about October 10, 2017, Plaintiff filed a Petition for

Damages against Bruce Garrett and State Farm Insurance Company ("State Farm") in the

Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[2]  The

matter was removed to this Court by State Farm on December 28, 2017, on the basis of diversity

jurisdiction under 28 U.S.C. § 1332.[3]

The Notice of Removal alleges that this case meets the amount in controversy necessary

for the Court to exercise federal subject matter jurisdiction based on the following:

> 1.
>
> State Farm has been sued in a proceeding brought by plaintiff, JIMMY EGU ("Plaintiff"), that is pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana (Docket No. 662297; Section 26) arising from an automobile accident that purportedly occurred on or about October 15, 2016. A copy of the Plaintiff's "Petition for Damages" ("Petition") is attached herewith as "Exhibit No. 1." The Petition asserts that the

---

[1] *See*, R. Doc. 1-2.

[2] *Id*.  The face of the Petition shows that it was filed by facsimile on October 10, 2017, and that an original copy was received by the clerk of court on October 17, 2017.  R. Doc. 1-2 at p. 1.

[3] R. Doc. 1 at ¶ 7.

accident occurred at the intersection of Nicholson Drive (La. Highway 30) and East Boulevard, where a vehicle operated by Bruce Garrett struck the Plaintiff's vehicle while he was attempting to make a left turn. The Petition further asserts that the Plaintiff "sustained injuries which have caused him to suffer physical pain and suffering, mental pain and anguish, loss of earning capacity, loss of earning, past and future, and which has incurred [sic] him to incur medical expenses, present, past and future" in connection with the accident that is the subject matter of the litigation. The Petition is silent as to the particular type or significance of the injuries/damages allegedly suffered by the Plaintiff as the result of the accident and the Plaintiff does not specifically allege whether the amount in controversy does or does not exceed $75,000, as required by La. C.C.P. Art. 893.

. . . .

3.

On, or about, December 18, 2017, counsel for State Farm received responses to discovery from the Plaintiff dated December 14, 2017 (a partial copy of which is attached as "Exhibit No. 3"). In those responses, the Plaintiff asserts that his damages exceed $50,000.00 and further provides a copy of reports from Dr. Kenneth Vogel (a Metairie-based neurosurgeon) opining that the Plaintiff was a surgical candidate as a result of the lumbosacral complaints allegedly arising from the subject accident.

. . . .

7.

Because of the Plaintiff's claims as reflected in the Petition and "other papers" attached hereto, it is readily apparent that this court has original jurisdiction over this action under 28 U.S.C. § 1332 in that it is a civil action wherein the amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, as alleged by Plaintiff's petition, cited above, and the suit is between citizens of different states and is therefore removable pursuant to 28 U.S.C. § 1441, et seq.[4]

It is not apparent from the face of the Petition for Damages or the Notice of Removal that

Plaintiff's claims in this matter are likely to exceed $75,000. In the Petition, Plaintiff seeks

damages for physical pain and suffering, mental pain and anguish, loss of earning capacity, loss

---

[4] R. Doc. 1 at ¶¶ 1, 3 and 7.

of past and future wages, and past and future medical expenses.[5]  Although the Petition asserts that

Plaintiff suffered "personal injuries" as a result of the accident, there is no indication of the nature

of severity of Plaintiff's injuries.  "Courts have routinely held that pleading general categories of

damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical

expenses, etc.,' without any indication of the amount of the damages sought, does not provide

sufficient information for the removing defendant to meet his burden of proving that the amount

in controversy is satisfied under the 'facially apparent' test."  *Davis v. JK & T Wings, Inc.*, Civ. A.

No. 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012); *See, Alderdice v. Lowe's

Home Centers, Inc.,* Civ. A. No. 09-406-C, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v.

Wal–Mart Stores, Inc.,* Civ. A. No. 09-0302, 2009 WL 1098905 (W.D. La. April 22, 2009) (and

cases cited therein); *Fontenot v. Granite State Ins. Co.,* Civ. A. No. 08-CV-1296, 2008 WL

4822283 (W.D. La. Nov. 3, 2008); *Bonck v. Marriot Hotels, Inc.,* Civ. A. No. 02-2740, 2002 WL

31890932 (E.D. La. Dec. 30, 2002).  Thus, it is not facially apparent from the Petition that the

amount in controversy is satisfied in this case.

State Farm further asserts that the amount in controversy is met in this case because

Plaintiff stated during discovery that his damages exceed $50,000 and because a Dr. K.E. Vogel

found that Plaintiff has a herniated disc and that Plaintiff "is a surgical candidate pending his test

results."[6]  However, it is not readily apparent that this Court has subject matter jurisdiction over

Plaintiff's claims under 28 U.S.C. § 1332.  "Where the plaintiff has received a surgical

recommendation, federal courts generally find there to be sufficient damages to support diversity

jurisdiction; where there has been no surgery recommendation, federal courts generally find there

to be insufficient damages to support diversity jurisdiction."  *Espadron v. State Farm Mut. Auto.*

---

[5] R. Doc. 1-2 at p. 2.
[6] R. Doc. 1 at ¶ 3; *See,* R. Doc. 1-4 at p. 8.

*Ins. Co.*, Civ A. No. 10-0053, 2010 WL 3168417, at *3 (E.D. La. Aug. 9, 2010); *Compare, for example, Embry v. Southern County Mutual Ins. Co.*, Civ. A. No. 99-3677, 2000 WL 135920 (E.D. La. Feb. 4, 2000) (granting remand) with *Fradella v. Wal–Mart Stores, Inc.*, Civ. A. No. 04-1230, 2004 WL 2297474 (E.D. La. Oct. 13, 2004) (denying remand); *see also Fradella*, 2004 WL 229747 at *2 ("Plaintiff's cases [in support of remand] are distinguishable from Defendant's cases [challenging remand] in one telling respect: in [plaintiff's cases], the plaintiffs did not undergo surgical treatment."). In the instant case, State Farm has not alleged facts or submitted any evidence to show that Plaintiff's physicians have recommended that he undergo surgery for his herniated disc.

Further, this Court has previously held that, "[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended." *Thomas v. Louis Dreyfus Commodities, LLC*, Civ. A. No. 15-394-SDD-RLB, 2016 WL 1317937, at *4 (M.D. La. Mar. 11, 2016), *report and recommendation adopted*, 2016 WL 1337655 (M.D. La. Apr. 1, 2016) (internal quotation omitted). "[C]ourts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record." *Id.*; *See, e.g Hebert v. Hanco Nat. Ins. Co.*, Civ. A. No. 07–362, 2009 WL 255948, at *4–5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"); *Espadron v. State Farm Mut. Auto. Ins. Co.*, Civ. A. No. 10-53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a "herniated cervical disc [or] segmental cervical instability" and a "herniated lumbar disc [or] segmental lumbosacral

instability" and was a "potential surgical candidate" and plaintiff stipulated that his damages did not exceed $50,000).

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met. *See, McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

Accordingly,

**IT IS HEREBY ORDERED** that State Farm shall file a memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a) within ten (10) days of the date of this Notice and Order, and the Plaintiff shall either file a memorandum and supporting evidence regarding subject matter jurisdiction or a Motion to Remand for lack of subject matter jurisdiction within ten (10) days after the filing of State Farm's memorandum. The supplemental memorandum shall be limited to ten (10) pages and shall specifically address whether the amount in controversy is satisfied in this case. Once the Court has reviewed the supplemental memoranda, the Court will either allow the case to proceed if jurisdiction is present or address the Motion to Remand filed by Plaintiff.

Signed in Baton Rouge, Louisiana, on January 2, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**